UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KEITH SHERMAN NEAL,<br><br>    Defendant. | No. CR-02-0195-FVS<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO MODIFY SENTENCE |

**THIS MATTER** came before the Court on Defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 44). Assistant United States Attorney Aine Ahmed represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On November 16, 2005, Defendant pleaded guilty pursuant to a plea agreement. (ECF No. 34). Defendant's guideline range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. Defendant, however, was sentenced to 120 months incarceration, the statutory mandatory minimum.

**DISCUSSION**

Defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which has changed the Drug Quantity Table for offenses involving cocaine base (crack). 18 U.S.C. § 3582(c)(2), the statutory basis for Defendant's motion, provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

ORDER DENYING DEFENDANT'S MOTION . . . - 1

> 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of Section 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered. Given that Defendant was sentenced pursuant to a statute, and not under the United States Sentencing Guidelines, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to resentence Defendant. *U.S. v. Jackson,* 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under Section 3582(c)(2)); *U.S. v. Paulk,* 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam).

Since Defendant is serving a statutory mandatory minimum sentence, a reduction of his sentence is not authorized under Section 3582(c)(2). Accordingly, Defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 44**) is **DENIED**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to Defendant and counsel for the Government.

DATED this __18th__ day of January, 2012.

>                          S/Fred Van Sickle
>                         Fred Van Sickle
>               Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION . . . - 2