UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>KEITH SHERMAN NEAL,<br><br>          Defendant. | No. CR-02-0195-FVS<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE |

**THIS MATTER** came before the Court on Defendant's second motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 57). Assistant United States Attorney Aine Ahmed represents the United States, and Defendant is proceeding pro se.

**BACKGROUND**

On November 16, 2005, Defendant pleaded guilty pursuant to a plea agreement.  (ECF No. 34).  Defendant's guideline range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months.  Defendant, however, was sentenced on February 7, 2006, to 120 months incarceration, the statutory mandatory minimum. Judgment was entered on February 9, 2006.  (ECF No. 42).  On December 21, 2011, Defendant filed a motion requesting a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the United States Sentencing Commission's Amendment 750 which changed the Drug Quantity Table for offenses involving cocaine base (crack).  (ECF No. 44).  On

ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE - 1

January 18, 2012, the Court denied Defendant's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).[1]  (ECF No. 45).  On February 9, 2012, Defendant filed a notice of appeal.  (ECF No. 47).  The appeal was dismissed as untimely.  On August 1, 2012, Defendant filed the instant motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 57).  Defendant subsequently filed two motions seeking an order directing the Government to respond to Defendant's motion and for an expedited disposition of his motion.  (ECF No. 58 & 59).

**DISCUSSION**

Defendant requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon a recent Supreme Court decision, *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012).

18 U.S.C. § 3582(c)(2), the statutory basis for Defendant's motion, provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of Section 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered.  Given that Defendant was

---

[1] The Court concluded that a reduction of Defendant's sentence was not authorized under § 3582(c)(2) because Defendant is serving a statutory mandatory minimum sentence.  (ECF No. 45).

ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE - 2

sentenced pursuant to a statute, and not under the United States Sentencing Guidelines, there was no "sentencing range" which could be subsequently lowered by the Sentencing Commission. Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to resentence Defendant. *U.S. v. Jackson*, 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under § 3582(c)(2)). This is the identical determination the Court made when it denied Defendant's initial motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 45).

The Supreme Court in *Dorsey*, the case which Defendant identifies as the basis of the instant motion, held that the more lenient penalties of the Fair Sentencing Act of 2010, which reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1,[2] applied to offenders who committed a crack cocaine crime before the effective date of the Act, August 3, 2010, but who were sentenced after that date. Defendant was sentenced on February 7, 2006, well before the effective date of the Fair Sentencing Act of 2010. Accordingly, *Dorsey* does not apply to Defendant.

///

---

[2] In 2010, Congress enacted the Fair Sentencing Act into law. The Act increased the drug amounts triggering mandatory minimums for crack cocaine trafficking offenses. The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1. The Fair Sentencing Act took effect on August 3, 2010. The Commission promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010. 75 Fed.Reg. 66188 (2010). A permanent version of those Guidelines amendments took effect on November 1, 2011. *Dorsey*, 132 S.Ct. at 2329.

ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE - 3

**RULING**

Defendant is serving a statutory mandatory minimum sentence. A reduction of Defendant's sentence is thus not authorized under Section 3582(c)(2). Moreover, the *Dorsey* decision, the basis for Defendant's motion, is inapplicable to Defendant because it addresses only those crack cocaine offenders who were sentenced after August 3, 2010. Accordingly, Defendant's second motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 57**) is **DENIED**. Defendant's motions seeking a response from the Government and for expedited disposition (**ECF No. 58 & 59**) are **DENIED as moot**.

**IT IS SO ORDERED**. The District Executive shall forward copies of this order to Defendant and counsel for the Government.

DATED this  29th  day of August, 2012.

> S/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge

ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE - 4